MUSKEGON MOTOR SPECIALTIES COMPANY, A DELAWARE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 68783, 75475. Promulgated April 6, 1937.

*Laurence A. Masselink, Esq.,* for the petitioner.

*E. C. Algire, Esq.,* and *Joseph P. McMahon, Esq.,* for the respondent.

OPINION.

ARUNDELL: In computing depreciation allowances on the properties acquired by the petitioner from the two Michigan corporations, the respondent has used as a basis the cost of the properties to those two corporations. The petitioner says that the proper basis is the cost to it. The respondent originally had alternative theories for his position: First, that the assets were acquired in a nontaxable reorganization, and, second, that they were acquired through liquidation of subsidiaries during a consolidated return period. He has abandoned the first one.

The law and regulations cited by the respondent to sustain his position are section 113 (a) (12) of the Revenue Act of 1928 and

sections related thereto by cross-reference and article 38 of Regulations 75. The statute and regulations, in so far as material here, provide that during a consolidated return period the basis for depreciation shall be the same as if the corporations were not affiliated and that such basis shall not be affected by reason of a transfer of property during the consolidated return period. The supposed fact situation underlying the respondent's view is that the period January 1 to January 23, 1929, was a "consolidated return period" within the meaning of the regulations. It is on this point that the parties differ.

The filing of a consolidated return is a matter of election by affiliated corporations. *Oklahoma Contracting Corporation*, 35 B. T. A. 232, 237. The regulations lay down detailed instructions as to the formalities to be complied with by corporations seeking the privilege of making a consolidated return. Among other things, the consolidated return must be made by the parent for the group. The parent must prepare and file form 851 and the subsidiaries must prepare and file form 1122 consenting to the regulations and authorizing the parent to file for them. These formalities were not met. Each corporation filed its own return and neither form 851 nor form 1122 was filed. What is more important is that according to the evidence these matters were considered and a deliberate election was made not to file a consolidated return and not to meet the conditions which were necessary to the filing of such a return. On the contrary, it was intended that separate returns be filed and that was done. Consequently, it can not be held that a consolidated return was filed.

The remainder of the argument rests largely on the assumption that there was a consolidated return period for which a consolidated return was filed. It is in substance that the petitioner's acquisition of stock of the two Michigan corporations was separate and distinct from the acquisition of the assets and that until the liquidation of the Michigan corporations they were separate and taxable entities. The original plan of consolidation devised and adopted by the officers and directors of the two Michigan corporations was not, as far as the record shows, reduced and outlined in detail in any one writing. What such plan was must be gathered from all the agreements, minutes, transactions and testimony of the parties who assisted in formulating and in carrying out the plan. Considering all the evidence, it is our opinion that the dissolution of the two companies and the acquisition of their assets by the petitioner were all a part of the original plan of consolidation which was made effective as of January 1, 1929. That the acquisition of the assets of the two companies and their dissolution were not specified in the agreements and other writings as absolutely necessary to the plan of consolidation is not decisive. The writings disclose that such action was within the

scope of the plan and the companies were in fact dissolved and their assets were transferred to the petitioner and the petitioner assumed the responsibility of operating and carrying on the combined businesses of the two companies. It appears from the evidence that the formalities incident to the transfer of the properties and the dissolution of the companies were delayed through the absence of counsel, which necessitated the submission of such matters to him by mail for his approval. However, as conceded on brief by the respondent, the element of time elapsing between the date the stock was acquired and the date of dissolution is not so important. The plan of consolidation, though not completed in form, was put into practical effect as of January 1, 1929. Although the two companies were, until January 23, 1929, legally existent, they were inactive; mere form without substance.

In view of the above, we hold that petitioner does not come within section 113 (a) (12) of the statute and article 38 of Regulations 75. It is, therefore, entitled to use as its basis the cost to it of the depreciable properties. Cost in this case is agreed to be the value of the properties when acquired. The parties have also agreed upon the subsequent additions. Rates are not in dispute except as to one group of buildings and on that point there is no evidence to show error in the respondent's computation.

Reviewed by the Board.

*Decision will be entered under Rule 50.*